## ROBERT ROY v. COMMONWEALTH.

**Criminal Law—Conviction Pleaded in Bar.**

> Where in a charge against a defendant for keeping a tippling house on a specified day, the commonwealth's attorney asked the court to charge the jury that a selling at any time within the year constituted the offense, and the charge was given and the defendant convicted, the verdict and conviction may be pleaded in bar to a prosecution under another indictment for the same offense at another time during the same period covered by the court's charge.

### APPEAL FROM MARION CIRCUIT COURT.

September 28, 1877.

OPINION BY JUDGE PRYOR:

The trial of the first indictment upon which a verdict ·of guilty was rendered was properly pleaded in bar of the recovery under the subsequent indictment. All of the offenses with which the appellant is charged are alleged to have been committed within one year prior to the finding of the several indictments, and although each indictment contains the charge that the appellant was guilty of keeping a tippling house on a specified day, yet the attorney for the commonwealth upon the trial of the first indictment asked the court to say to the jury that a selling at any time within the year constituted the offense. This instruction was given, and left the jury to find appellant guilty although he may have sold the liquor on another day than that set forth in the complaint.

When the subsequent indictments were called for trial the plea of a former conviction was proper for the reason that the state saw proper to abandon the specific charge, viz.: selling on a named day, and tried the case as if the charge had been for selling within the year. This, of course, embraced every like offense committed within that period by the appellant, and the court will not stop to inquire of

the jury as to the time the offense was committed for which they imposed the fine or returned a verdict of guilty. The plea should have been entertained, and the verity of the record not being questioned the indictments should be dismissed. The judgment in each case is *reversed* and cause remanded with directions to award a new trial, and for further proceedings not inconsistent with this opinion.

*Russell & Arritt, for appellant.    Moss, for appellee.*